IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

FILED
U.S. DISTRICT COURT

2018 OCT 15 P 3: 27

DISTRICT OF UTAH

DEPUTY CLERK

| | |
|---|---|
| WESLEY THOMPSON, | **O R D E R** |
| Plaintiff, | Case No. 1:18-CV-111 TS |
| v. | District Judge Ted Stewart |
| DONALD TRUMP et al., | |
| Defendants. | |

Plaintiff/inmate, Wesley Thompson, an inmate at Cache County Jail, submits a *pro se*

civil rights case.[1] Plaintiff applies to proceed without prepaying his filing fee.[2] He also moves for

appointed counsel and service of process.

First, as to his *in forma pauperis* application, Plaintiff has not as required by statute

submitted "a *certified copy* of the trust fund account statement (or institutional equivalent) for the

prisoner *for the 6-month period immediately preceding the filing of the complaint* . . . obtained

from the appropriate official of each prison at which the prisoner is or was confined."[3] Still, the

Court grants Plaintiff's *in forma pauperis* application, pending receipt of his full account

statement.

Second, the Court considers Plaintiff's motion for appointed counsel. Plaintiff has no

constitutional right to counsel.[4] The Court may, however, in its discretion appoint counsel for

---

[1] *See* 42 U.S.C.S. § 1983 (2018).

[2] *See* 28 *id.* § 1915 (emphasis added).

[3] *See id.* § 1915(a)(2).

[4] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

indigent inmates.[5] The applicant has the burden of showing that his claim has enough merit to justify the Court in appointing counsel.[6]

When deciding whether to appoint counsel, the Court studies a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[7] Considering these factors, the Court concludes that (1) it is unclear at this time that Plaintiff has asserted a colorable claim; (2) the issues here are not complex; and (3) Plaintiff is not incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

Third, the Court denies for now Plaintiff's motion for service of process. The Court may fully screen Plaintiff's complaint at its earliest convenience and determine whether to dismiss it or order it to be served upon Defendants.[8] Plaintiff need do nothing further to trigger this process.

IT IS HEREBY ORDERED that:

(1) Plaintiff's application to proceed without prepaying his filing fee is GRANTED. So that the Court may figure Plaintiff's initial partial filing fee, Plaintiff shall have thirty days from the date of this Order to file with the Court a *certified copy* of his inmate trust fund account statement(s). If Plaintiff was held at more than one institution during the past six months, he shall

---

[5]*See* 28 U.S.C.S. § 1915(e)(1) (2018); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[6]*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted); *accord McCarthy*, 753 F.2d at 838-39.

[8]*See* 28 U.S.C.S. § 1915A (2018).

2

file *certified* trust fund account statements (or institutional equivalent) from the appropriate official at each institution. The *certified* trust fund account statement(s) must show deposits and average balances for each month. If Plaintiff does not fully comply, his complaint will be dismissed.

(2) Plaintiff's request for appointed counsel is DENIED; however, if, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf.

(3) Plaintiff's motion for service of process is DENIED; however, if, after the case is fully screened, it appears that this complaint states a claim upon which relief may be granted, the Court may order service of process.

DATED this **15** day of October, 2018.

BY THE COURT:

DUSTIN B. PEAD
United States Magistrate Judge