FILED
U.S. DISTRICT COURT
2018 OCT 15 P 3: 27
DISTRICT OF UTAH
RECEIVED CLERK
SEP 06 2018
U.S. DISTRICT COURT

Wesley Thompson
PRO SE
1225 W. Valley View
Logan, UT 84321

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH CENTRAL DIVISION

Wesley Thompson,
Petitioner,

v.

Donald Trump, President of U.S.A., Scott Crowther, Warden of Utah State Prison, Keith Holder, Michal George, Melvin Coulter, Eric Ludvingson Employees for Central Utah Correctional Facility, Defendants

MIXED PETITION FOR REDRESS OF DEPRIVATION AND POST-DEPRIVATION REMEDY
(28 U.S.C. §1343 (a)(3))
(28 U.S.C. §1366)
(42 U.S.C. §1983)

Case: 1:18-cv-00111
Assigned To : Stewart, Ted
Assign. Date : 9/6/2018
Description: Thompson v. Trump, et al

## A. Jurisdiction

1. Plaintiff, Wesley Thompson, is a citizen of California, who presently resides at the Utah State Prison, 14425 Bitterbrush Lane, Draper, UT. 84020

2. Donald Trump is a citizen of the United States of America, and presently resides at the White House. This defendant is currently responcible for the laws governing the land

3. Scott Crowther is a citizen of Utah and this defendant is currently responcible for the policy and proceedures governing Utah State Prison

4. Defendants Keith Holder, and Michal George are citizens of Utah and was employed as facilitative officers at the Central Utah

1

correctional facility. At the time the claims in this complaint arose, these defendants were acting under color of state law, and are directly responsible individually for the wrongful actions herein.

5. Melvin Coulter is a citizen of Utah and was employed as a classification review officer at the Central Utah Correctional Facility. This defendant was acting under color of state law, and is directly responsible individually for the wrongfull actions herein.

6. Eric Ludvingson is a citizen of Utah and was employed as a housing officer at the Cedar Housing Unit for Central Utah Correctional Facility. This defendant was acting under the color of state law and is directly responsible indiviualy for the wrongfull actions herein.

7. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(3); 28 U.S.C. §1366; and 42 U.S.C. §1983; plus rules governing post-deprivation and failure to rule on merits.

### B. Nature of Case
~~For Redress of Deprivation~~

8. In 2004 a procedure default by way of 42 U.S.C. §1997e(a) was enacted.

2

9. ON OR ABOUT JUNE 2006 A JUDGE MADE PROCEDURE DEFAULT WAS SO AFFIRMED BY THE SUPREME COURT OF THE UNITED STATES NO. 05-416 REGARDING THE PLRA § 1997 e(a) STATUE.

10. ON THE NIGHT OF AUGUST 5TH 2011, THE PLAINTIFF WAS BRUTALLY RAPED TWICE BY HIS CELL MATE.

11. DURING THE NEXT FEW MONTHS THE PLAINTIFF ATTEMPTED TO EXHAUST THE ADMINISTRATIVE PROCESS TO NO AVAIL.

12. ON MARCH 14TH 2016 JUDGE CLARK WADDOUPS DISMISSED THE PLAINTIFFS ACTION, WITHOUT HEREING THE MERITS, FOR FAILURE TO EXHAUST. CASE NO. 2:12-CV-00680-CW

13. ON MARCH 20TH 2017 10TH CIRCUIT JUDGES KELLY, HARTZ AND O'BRIEN AFFIRMED THE DISMISSAL

14. BECAUSE OF EMOTIONAL TRAMA AND PHYSICAL TRAMA FROM THE INCIDENT, AND FOR FEAR FROM PRECIEVED THREATS FROM INMATES AND OFFICERS THE PLAINTIFF SHOULD BE ENTITLED TO EQUITABLE TOLLING.

15. UTAH DEPARTMENT OF CORRECTIONS HAS COMPLETE CONTROL OVER WHETHER THEY WANT TO

BAR AN INMATE FROM REDRESS OF COURT BY NOT ALLOWING INMATES TO GRIEVE

16. THE PRISON LITIGATION REFORM ACT HAS DIRECTLY AND EFFECTIVELY CREATED A CONFLICT WITH THE FIRST AMENDMENT.

### C. NATURE OF CASE FOR POST-DEPRIVATION

17. ON OR ABOUT JUNE 2011, PLAINTIFF INFORMED DEFENDANT HOLDER THAT IT WAS TIME FOR HIS YEARLY REASSESSMENT. PLAINTIFF INDICATED THAT DUE TO RECIEVING A LOWER SECURITY SCORE HE WAS ELIGIBLE FOR A CHANGE IN HIS BEHAVOR CODE (AIMS) FROM A KAPPA TO SIGMA. AND EXPLAINED THE CHANGE WAS APPROVED BY CHAPLAIN WALK. DEFENDANT HOLDER FAILED TO INITIATE THE CHANGE.
(SEE POLICY AND PROCEEDUR; DECLARATIONS FROM THOMPSON, CHAPLAN WALK, HOLDER.)

18. JULY 18 2011 PLAINTIFF WAS MOVED FROM HICKORY HOUSING TO CEDAR 327T, WITH A SECURITY SCORE CHANG FROM 2 TO 3. PLAINTIFF DID NOT APPEAL THE SECURITY SCORE CHANGE.
(SEE THOMPSONS PHYSICAL LOCATION HISTORY AND REASSESSMENT.)

19. PLAINTIFF CONTACTED HIS NEW CASE MANAGER DEFENDANT GEORGE AND REQUESED HE INITIATE

4

THE BEHAVIOR CODE CHANGE FROM KAPPA TO SIGMA. DEFENDANT GEORGE SAID HE WOULD LOOK INTO IT. THEN DECIDED NOT TO MAKE THE CHANGE.

(SEE DECLARATION FROM THOMPSON AND GEORGE)

20. PLAINTIFF THEN INITIATED HIS EXHAUSTION REQUIREMENTS BY WRITING TO AND RECIEVING A DENIAL FROM MELVIN COULTER THE CLASSIFICATON REVIEW OFFICER.

(SEE DENIAL LETTER)

21. THE PRISON FAILED TO ALLOW THE PLAINTIFF TO PARTICIPATE IN THE CLASSIFICATION PROCESS WHICH RESULTED IN ERROR WITHIN BOTH HIS CORRECTIONAL ADJUSTMENT LIFE HISTORY AND HIS CORRECTIONAL ADJUSTMENT CHECK LIST WHICH IS USED TO CALCULATE HIS BEHAVIOR CODE. WHICH COULD HAVE BEEN FIXED HAD THERE BEEN MORE PROCEDURE.

(SEE CACL, AND CACH, AND THOMPSONS DECLORATION)

21) PLAINTIFF COULD HAVE SHOWN HE FITS WITHIN THE SUB-CLASS OF INMATES IDENTIFIED WITHIN THE PRISON RAPE ELIMINATION ACT WHICH WOULD ENSURE HE WOULD BE HOUSE AWAY FROM KAPPAS (AWAY FROM THE PERSON WHO RAPE MANY PEOPLE INCLUDING

THE PLAINTIFF.

(SEE POLICY AND PROCEDURE, DECLARATION OF THOMPSON, CRIMINAL HISTORY OF RUDY ROMERO, PHYSICAL LOCATION HISTORY)

22. ON JULY 22 2011 THE PLAINTIFF WAS MOVED FROM CEDAR 327T TO CEDAR 302T WITH INMATE RUDY ROMERO, THIS MOVE WAS MADE BY ERIC LUDVIGSON.

(SEE PHYSICAL LOCATION HISTORY)

23. DURING THE CONVERSATION OVER THE INCELL-COM THE PLAINTIFF TOLD ERIC LUDVIGSON HE WAS IN FEAR TO LIVE WITH RUDY ROMERO BECAUSE THE ROMMERS OF HIS ABUSE TO OTHER INMATES, AND WAS THREATEND TO BE SENT TO MAXIMUM SECURITY HOUSING IF HE DID NOT MOVE.

(SEE INTERCOM RECORDING)

24. PLAINTIFF WAS RAPED TWICE ON THE NIGHT OF AUGUST 5TH 6TH 2011 BY RUDY ROMERO.

(SEE INCIDENT REPORT, WITNESS STATEMENTS DNA EVEDIDENTS)

25. THE PLAINTIFF REQUESTED A SAFTY BE PLACED AGAINST ROMERO BUT WAS NEVER INITIATED, UNTELL THOMPSON REASHED OTHER OFFICERS SOME TWO YEARS LATER IN 2013

(SEE SAFTY ENTERED IN O-TRACK)

## C. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

26. DEFENDANTS KNEW OR SHOULD HAVE KNOW INMATE ROMERO WAS A RISK TO PLAINTIFF IN THAT ROMERO HAD THE POTENTIAL AND HISTORY TO FORCE HIMSELF ON HIS CELL MATE WITH THE INTENTION OF HAVING ANAL SEXUAL INTERCOURSE.
(SEE ROMERO'S CRIMINAL HISTORY AND INSTATUTIONAL HISTORY)

27. DEFENDANTS VIOLATED THE PLAINTIFFS RIGHTS AND ACTED WITH TOTAL DISREGARD FOR THE PLAINTIFFS SAFTY AND SECURITY. FURTHER, DEFENDANTS ACTED WITH MALICE AND DELIBERATE INDIFFERENCE AND SET PLAINTIFF UP TO BE RAPED BY THERE ACTIONS OF HOUSING PLAINTIFF WITH A KNOWN SEXUAL PREDATOR WITHIN THE PRISON AND BY NOT FIXING PLAINTIFFS BEHAVOR CODE WHICH WOULD HAVE GARUNTEED PLAINTIFF WOULD NOT BE HOUSED WITH VIOLENT OFFENDERS. THIS FURTHER SUBJECTED PLAINTIFFS HEALTH AND WELL-BEING TO AN OBJECTIVE RISK OF HARM WHO THEY KNEW WOULD CONSTRUCT ABUSIVE BEHAVOR.

28. WHEN A DEFENDANT INTENTIONALLY WITH DELIBERATE INDIFFERNCE KNOWN OR SHOULD HAVE

7

KNOWN THAT THEY WERE SUBJECTING THE PLAINTIFF TO A DANGEROUS AND UNSAFE CONDITION DUE TO THEIR FAULTY CLASSIFICATION SYSTEM AND AS A RESULT OF DENYING PLAINTIFF'S PARTICIPATION IN THE AIMS DECISION AND BY PLACING HIM IN THE CELL. DEFENDANTS ACTED INDIVIDUALLY AND NOT IN THEIR OFFICIAL CAPACITY WHEN THEY PUNISHED PLAINTIFF BY HOUSING HIM WITH A VIOLENT OFFENDER.

### ACTUAL KNOWLEDGE OF RISK

(SEE) (MEDICAL RECORDS OF THOMPSON'S RAPE) (IR1's, IR2's) (ICR) OF REPORTED ASSAULTS AT CUCF) (RR's CRIMINAL RECORD) (R.R.'S INSTITUTIONAL HISTORY) (THOMPSON'S CRIMINAL RECORD) (THOMPSON'S PHYSICAL PROFILE) (RECORDING OF CELL INTERCOM) (DEPOSITION OF THOMPSON) (DEPOSITION OF CHAPLAN WALH) (CACL/CALH) (PSYCHIATRISTS ASSESSMENT OF THOMPSON)

### FAILED TO ABATE THE RISK

(SEE) (MADE THOMPSON MOVE TO CELL BY THREAT) (THE RAPE ITSELF) (INADEQUATELY CLASSIFIED THOMPSON) (FAILED TO SEGREGATE RR BASED ON HIS VIOLENT HISTORY) (REPORTING OFFICER TOLD THOMPSON TO GO BACK TO HIS CELL AFTER HE REPORTED THE RAPE)

### SUBSTANTIAL RISK OF SERIOUS HARM

THERE IS OBJECTIVLY SERIOUS HARM BECAUSE THE RAPE ITSELF. CUCF IS KNOW TO HAVE A HISTORY OF PRISONER ASSAULTS. RR HAS A LONG HISTORY OF PREDATORY ASSAULTIVE BEHAVOR IN BOTH HIS CRIMINAL AND INSTITUTIONAL DISIPLINARY HISTORY'S THOMPSON BELONGS TO AN IDENTIFIABLE INMATE SUB-CLASS THAT IS OFTEN SIGNALED OUT FOR PRISON VIOLENTS; - A CHILD SEX OFFENDER - YOUNG, SMALL, WEAKER, HAS A HISTORY OF BEING ABUSED (DOCUMENTED). TOLD ERIC LUDVINGSON HE DID NOT WANT TO LIVE WITH RR BECAUSE HE FELT THERE WAS A RISK OF BEING ABUSED. SIGMA'S ARE NOT ALLOWED TO BE HOUSED WITH KAPPAS.

## PROCEDURAL DUE PROCESS

### LIBERTY INTEREST
RAPE IS AN ATYPICAL AND SIGNIFIGANT HARDSHIP THOMPSON WAS RAPED TWICE BY A CELLMATE HE SHOULD NOT HAVE BEEN HOUSED WITH.

### MORE PROCEDURE
THOMPSON WAS NOT INCLUDED IN HIS AIMS CLASSIFICATION PROCESS. HIS INPUT AND PARTICIPATION COULD HAVE FOUND AND FIXED THE ERRORS WHICH WOULD HAVE CHANGED HIS CLASSIFICATION AND HE WOULD NOT HAVE BEEN HOUSED WITH ROMERO. THOMPSONS PSYCHOLOGICAL REPORTS SHOULD HAVE BEEN USED BUT WERE NOT, AND THOMPSON NEVER RECIEVED HIS OWN COPIES OF THE AIMS REPORTS.

### D. INJURIES FOR REDRESS
29. PLAINTIFF DID NOT RECIEVE A RULING ON THE MERITS OF HIS CASE THAT WAS DISMISSED.

### E. INJURIES FOR POST-DEPRIVATION
30. PLAINTIFF SUFFERED RECTAL BLEEDING, HEMORRHOIDS, BLOOD IN STOOL AND ANAL SCRATCHES THAT EXTENDED INTO THE PLAINTIFFS RECTUM. PLAINTIFF ALSO HAD TO HAVE HIS BLOOD DRAWN 3 TIMES OVER A SIX MONTH PERIOD, CAUSING BRUISING AND SORENESS THAT EXTENDED MORE THEN 3 DAYS IN THE AREA THE BLOOD WAS DRAWN.

31. FURTHERMORE, PLAINTIFF SUFFERED THE HUMILIATION AND EMOTIONAL TRAUMA BY BEING FORCED AND VIOLATED BY INMATE ROMERO

32. PLAINTIFFS MENTAL INJURIES ARE DEEP AND

LONG STANDING.

### E. CAUSE OF ACTION FOR REDRESS OF DEPRIVATION

33. PLAINTIFFS FOLLOWING CONSTITUTIONAL RIGHTS, PRIVILEGES, OR IMMUNITIES HAVE BEEN VIOLATED, AND THAT THE FOLLOWING FACTS FORMS THE BASIS FOR THE DEPRIVATION:

COUNT I: PLAINTIFFS FIRST AMENDMENT RIGHT OF ACCESS TO THE COURT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES IS VIOLATED BY THE APPLICATION OF THE FEDERAL COURTS IMPOSING A SANCTION, OF WAVOR OR PROCEDURAL DEFAULT TO THE PLRA § 1997e(a) STATUE. AND GIVES PRISON OFFICIALS COMPLETE CONTROL OVER WHETHER THEY WANT TO BAR AN INMATE FROM REDRESS OF COURT BY NOT ALLOWING INMATES TO FILE A GRIEVANCE. THIS STATUE ALSO EFFECTIVELY LIMITS A FOUR YEAR STATUE OF LIMITATIONS TO 7 DAYS. AS A DIRECT RESAULT PLAINTIFF HAD HIS CASE DISMISSED WITHOUT HIS MERITS BEING HEARD.

COUNT II: THE PLAINTIFFS SIXTH AMENDMENT RIGHT TO EQUAL PROTECTION UNDER THE LAW ARE VIOLATED BECAUSE THE CONSTITUTION GUARANTEES THAT INMATES, LIKE ALL CITIZENS

HAVE A REASONABLE ADEQUATE OPERTUNITY TO RAISE CONSTITUTIONAL CLAIMS IN FRONT OF IMPARTIAL JUDGES, BUT THE PLAINTIFF HAS BEEN DENIED A RULING ON THE MERITS OF HIS CASE

### G. CAUSE OF ACTION FOR POST-DEPRIVATION

34. THE PLAINTIFF ALLEGES THE FOLLOWING CONSTITUTIONAL RIGHTS, PRIVILEGES OR IMMUNITIES HAVE BEEN VIOLATED AND THAT THE FOLLOWING FORM THE BASIS FOR THE ALLEGATIONS:

COUNT I: PLAINTIFFS FIFTH AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW HAS BEEN VIOLATED BY DEFENDANTS ACTIONS BY NOT ALLOWING PLAINTIFF A MEANINGFULL CLASSIFICATION PROCESS TO POINT OUT ERROR AND SUPPORT A CHANGE OF HIS BEHAVIOR CODE, TO A SIGMA.

COUNT II: PLAINTIFFS EIGHT AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT HAS BEEN VIOLATED BY DEFENDANTS ACTIONS IN THAT THEY DELIBERATELY WITH MALICE AND TOTAL DISREGARD FOR PLAINTIFFS SAFTY AND WELL-BEING PLACED PLAINTIFF IN A CELL WITH INMATE ROMERO, WHO THEY KNEW, OR SHOULD HAVE KNOW WOULD LIKELY RAPE HIM.

## H. REQUEST FOR RELIEF

WHEREFORE PLANTIFF REQUEST FOR THE FOLLOWING RELIEF:

A) TRIAL BY JURY

B) COUNSEL BE APPOINTED TO REPRESENT THE PLANTIFF IN THIS ACTION.

C) CREATE AN END TO THE CONFLICT BETWEEN THE 42 U.S.C. §1997e(a) STATUE AND THE FIRST AMENDMENT OR REPEAL THE 42 U.S.C. §1997e(a) STATUE.

D) GRANT A TRIAL BY JURY ON THE MERITS OF THE "G. CAUSE OF ACTON" IN THIS COMPLAINT.

E) GRANT COMPENSATORY, AND PUNITIVE DAMAGES IN THE AMOUNT OF $2,000,000.00 (TWO MILLION DOLLARS)

F) ISSUE A PERMANENT INJUCTION ORDERING PRISON OFFICIALS TO CHANGE THEIR POLICY TO ALLOW INMATES TO GRIEVE EXCEPTIONAL REASONS.

G) GRANT PLAINTFF EQUITABLE TOLLING.

8-22-18
DATE

WESLEY THOMPSON
PRO SE

# CERTIFICATE OF MAILING

I do hereby certify that a true and correct copy of the foregoing was mailed, postage pre-paid, to the ~~Attorney General's Office, at 160 East 300 South, 6th Floor,~~ U.S DISTRICT COURT 351 S. WEST TEMPLE Salt Lake City, Utah ~~84114,~~ 84101 on this 22 day of AUGUST, ~~2014.~~ 2018

WESLEY THOMPSON
PRO SE

* PETITION
, MOTION TO APPOINT COUNSEL
, REQUEST TO SERVE PROCESS
, APPLICATION FOR IN FORMA PAUPERIS