IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESLEY THOMPSON,<br><br>               Plaintiff,<br><br>v.<br><br>DONALD TRUMP et al.,<br><br>               Defendants. | **MEMORANDUM DECISION & ORDER TO SHOW CAUSE**<br><br>District Judge Ted Stewart<br><br>Case No. 1:18-CV-111 TS |

      Plaintiff, Wesley Thompson, brings this *pro se* prisoner-rights action, *see* 42 U.S.C.S. § 1983 (2019),[1] *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Complaint, (Doc. No. 6), under its statutory review function,[2] the Court orders Plaintiff to show cause why the complaint should not be dismissed.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2019).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

**BACKGROUND**

Plaintiff names the following defendants: United States President Donald Trump; Utah State Prison Warden Scott Crowther; Central Utah Correctional Facility (CUCF) Officer Keith Holder; CUCF Officer Michal George; CUCF Officer Melvin Coulter[3]; and CUCF Officer Eric Ludvingson. He alleges these defendants violated his federal constitutional rights regarding events leading up to his rape by a cellmate on August 5, 2011.

He concedes that he already brought an unsuccessful federal civil-rights complaint about the rape. *Thompson v. Coulter*, No. 2:12-CV-680-CW, 2016 U.S. Dist. LEXIS 32662 (D. Utah Mar. 14, 2016) (dismissing claims as to August 5, 2011 Plaintiff's rape by cellmate for failure to exhaust). The Tenth Circuit affirmed. No. 16-4042 (10th Cir. Feb. 28, 2017) (unpublished). The United States Supreme Court denied certiorari review. No. 16-9685 (Oct. 2, 2017).

Plaintiff here brings in some new defendants and tries to relitigate the exhaustion issue, requesting relief from these rulings on the basis of "equitable tolling," due to "emotional trauma and physical trauma from the incident and for fear from perceived threats from inmates and officers." (Doc. No. 6, at 3.)

**ANALYSIS**

**1. Failure-to-State-a-Claim Standard**

When deciding whether a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not

---

[3] It appears that Defendant Coulter died on January 28, 2017, so he is no longer a viable defendant here. Obituary, *Sanpete Messenger*, www.sanpetemessenger.com/archives/4120.

posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if the pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint

"without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 2. Affirmative Link

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor does "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Considering these guidelines, the Court concludes that Plaintiff has done nothing to affirmatively link Defendants Trump[4] and Crowther to his claims. He has not tied any material facts to them. Plaintiff's claims against these defendants may not survive this omission. The Court thus proposes to dismiss these defendants.

---

[4] However applicable here, Defendant Trump is also absolutely immune from damage liability arising from official acts. *Forrester v. White*, 484 U.S. 219, 225 (1988).

### 3. Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'" *Id*. at 675 (citation omitted). The circumstances underlying these claims appear to have occurred more than four years before this case was filed. The face of the complaint states that the claims against Defendants accrued by August 5, 2011--more than seven years before the Complaint was filed on September 6, 2018. The Court thus proposes to dismiss this case under the statute of limitations. *Jamerson v. Heimgartner*, 752 F. App'x. 557, 562 (10th Cir. Sept. 21, 2018) (unpublished) ("A district court may dismiss a complaint *sua sponte* under § 1915A(b)(1) based on an affirmative defense such as the statute of limitations when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations omitted))).

### 4. Res Judicata

Another basis upon which to dismiss this case is the res judicata doctrine. Plaintiff's civil-rights claims regarding the rape (against Defendant Coulter) were already dismissed by this Court in a past case in which the exhaustion issue was dispositive. *Thompson*, 2016 U.S. Dist. LEXIS 32662. There the undisputed facts showed:

> [T]here is no record Plaintiff ever filed any grievances about being transferred to general population housing or sexually assaulted, or about any problems with his assigned cellmate. (*Martinez* Rep. Ex. 2 at ¶¶ 19, 22.) Defendant also attests in his own Declaration that Plaintiff did not file grievances as to his move to Cedar unit or his cellmate, did not grieve the assault, and did not file a grievance about the denial of his request for more time to challenge his "Kappa" classification. (*Martinez* Rep. Ex. 1 ¶ 37.) By these sworn

> Declarations, the two officials in charge of prison grievances assert under oath that Plaintiff did not exhaust his administrative remedies. Moreover, Plaintiff alleges in his Civil Rights Complaint (Doc. 6 at ¶ 13) that he "has not previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of herein" and admits that he "was past the seven day time frame in which to file an initial grievance." (Doc. 6 at ¶13.)

*Id.*, at *6-7.

> As a general rule, a litigant is prohibited from bringing a claim that has already been decided in a prior case by the twin doctrines of preclusion: res judicata and collateral estoppel. *See San Remo Hotel, L.P. v. City and County of San Francisco,* 545 U.S. 323, 336-37 (2005). However, for preclusion to apply, the litigant must seek to litigate either the same claim, *see, e.g., Lewis v. Circuit City Stores, Inc.,* 500 F.3d 1140, 1147 (10th Cir. 2007), or the same issue, *see, e.g., Union Tel. Co. v. Qwest Corp.,* 495 F.3d 1187, 1195 (10th Cir. 2007), that was decided in the prior proceeding. . . . [T]o preclude relitigation of a particular issue under collateral estoppel, the prior determination of that issue must have been necessary to the judgment. *See Moss v. Kopp,* 559 F.3d 1155, 1161 (10th Cir. 2009).

*Gibson v. Campbell*, 348 F. App'x 358, 360 (10th Cir. 2009) (unpublished).

Thus, though the last lawsuit was brought solely against Defendant Coulter, the determination that Plaintiff failed to grieve--or exhaust administrative remedies--was broader in that it was found that no timely grievance (as to any potential defendant) was filed regarding the rape or any classification issues leading up to the rape. Plaintiff seeks to relitigate this exact same issue here (and suggests a "tolling" theory that should have been raised previously if at all). However, the conclusion that Plaintiff's failure to exhaust required dismissal of the case was "necessary to the judgment," *Thompson*, 2016 U.S. Dist. LEXIS 32662, at *6-7, and affirmed by the Tenth Circuit, No. 16-4042, with further review denied by the United States Supreme Court, No. 16-9685. It is hard to imagine a more iron-clad instance of res judiciata than this one.

6

## ORDER

**IT IS ORDERED** that:

(1) Plaintiff must within thirty days **SHOW CAUSE** why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted.

(2) Plaintiff's motion for service of process is **DENIED**. (Doc. No. 13.)

DATED this 28th day of May, 2019.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court