IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESLEY THOMPSON,<br><br>             Plaintiff,<br><br>v.<br><br>DONALD TRUMP et al.,<br><br>             Defendants. | **MEMORANDUM DECISION<br>& ORDER DENYING MOTION<br>TO ALTER OR AMEND JUDGMENT**<br><br>Case No. 1:18-CV-111 TS<br><br>District Judge Ted Stewart |

On May 28, 2019, in a thorough, seven-page decision, the Court ordered Plaintiff to within thirty days show cause why his prisoner civil-rights complaint should not be dismissed, based on failure to state a claim upon which relief may be granted. (OSC, ECF No. 15.) Specifically, the Court concluded that Plaintiff did not affirmatively link Defendants Trump and Crowther to his claims; the defense of expiration of the statute of limitations was obvious on the face of the complaint; and the res-judicata doctrine precluded Plaintiff from re-litigating the defense of exhaustion of grievance remedies. (*Id.*)

After the OSC, Plaintiff filed a couple of successful motions for time extension to respond to the OSC and notices of address change. (ECF Nos. 16, 18, 19, 22.) The granted time extensions resulted in a deadline of September 26, 2019 for Plaintiff's response to the OSC. (ECF No. 20.) More than three months after the September 26 deadline had passed and seven months after the OSC was entered, having still received no response to the OSC, on January 15, 2020, in a comprehensive, nine-page decision, the Court dismissed this case for failure to prosecute. (ECF No. 23.)

Twelve days later, Plaintiff filed a motion to reconsider. (ECF No. 25.) The Court construes his motion as a motion to alter or amend the judgment, under Federal Rule of Civil Procedure 59(e). Plaintiff's motion asserts that, based on his incarceration timeline, in which he was returned to prison in September 2019 on a parole violation, he was hampered from responding to Court's OSC. (*Id.*) He also states he sought a time extension on November 26, 2019. Though the Court received Plaintiff's address-change notice on November 20, 2019, the Court has no record of a time-extension request allegedly sent on November 26, 2019. But, out of an abundance of caution, to give Plaintiff every chance to timely understand the posture of his case, on November 22, 2019, the Court re-mailed to Plaintiff its order giving Plaintiff until September 26, 2019 to respond to its OSC. Still, the Court heard nothing further from Plaintiff, let alone the OSC response that he was originally required to file by June 27, 2019. (ECF No. 15.) Plaintiff further argues that the Court should reconsider its dismissal order on the basis of the gravity of his claims. (ECF No. 25.)

Then, on August 31, 2020, Plaintiff filed a motion for leave to amend his complaint. (ECF No. 28.) The proposed amended complaint argues that "42 U.S.C. § 1983 does not have a statute[] of limitation therefore the respondent does not have a vested right to thus." (ECF No. 28-1.) This response alleges the law is opposite of what the Court set forth in its OSC:

> "Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'" *Id.* at 675 (citation omitted). The circumstances underlying these claims appear to have occurred more than four years before this case was filed. The face of the complaint states that the claims against Defendants accrued by August 5, 2011--more than seven years before the Complaint was filed on September 6, 2018. The Court thus proposes to dismiss this case under the statute of limitations.

> *Jamerson v. Heimgartner*, 752 F. App'x. 557, 562 (10th Cir. Sept. 21, 2018) (unpublished) ("A district court may dismiss a complaint sua sponte under § 1915A(b)(1) based on an affirmative defense such as the statute of limitations when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations omitted))).

(ECF No. 15, at 5.)

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff has not shown any of these three grounds for relief exist here. The one he appears to focus on is "the need to . . . prevent manifest injustice." He suggests the Court closed his case too quickly and that the seriousness of his allegations alone should trigger the Court to reverse itself.

To the contrary, the Court granted every extension Plaintiff requested. (ECF Nos. 17, 20.) On November 22, 2019, the Court even re-mailed to Plaintiff's newest address its last time-extension order, filed on August 19, 2019, to ensure he had full opportunity to understand

3

deadlines and follow its OSC. The Court's dismissal order, with its painstaking analysis of the *Ehrenhaus* factors, *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), vis-à-vis this case's timeline, shows the Court gave Plaintiff every benefit of the doubt, until it closed the case--more than sixteen months after Plaintiff's original submission of a deficient Complaint, which was never cured. (ECF No. 6). (ECF No. 23.)

And, yes, Plaintiff's allegations are distressing. If Plaintiff had exhausted his claims and filed them on time, Plaintiff would have given the Court the chance to examine them in detail.

In sum, Plaintiff does not meet the exacting standard for relief under Rule 59(e); the Court's May 28, 2019 Order and Judgment stand. (ECF Nos. 23, 24.)

## ORDER

**IT IS ORDERED** that Plaintiff's post-judgment motions are **DENIED**. (Doc. Nos. 25, 28, 29.) This action remains closed.

DATED this 6th day of November, 2020.

BY THE COURT:

JUDGE TED STEWART
United States District Court